UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TERENCE ROGER JAMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 25-01789 (UNA) |
| | ) |
| DONALD TRUMP, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

This matter is before the Court on its initial review of plaintiff's application for leave to proceed *in forma pauperis* (ECF No. 2), *pro se* complaint (ECF No. 1), and motion to expedite trial (ECF No. 3). The Court will grant the application and dismiss the complaint under 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1) as frivolous, and deny the motion to expedite trial.

"A complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and the Court cannot exercise subject matter jurisdiction over a frivolous complaint, *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain

1

origins."). Consequently, a Court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi v. Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981).

The instant complaint satisfies this standard and, therefore, it will be dismissed without prejudice. Plaintiff purports to sue the current President of the United States, Kash Patel, John Ratcliffe, Pete Hegseth, Elon Musk and Kamala Harris, *see* Compl. at 1, for alleged violations of rights protected under the First, Fourth, Thirteenth and Fourteenth Amendments to the United States Constitution, *see id*. at 3. In addition, plaintiff alleges that "[t]he Tesla Corporation owe[s him] 46.2 billion dollars," *id*. at 4, and that the defendants "violated [his] constitutional right to cover up a civil matter," *id*. Plaintiff asks the Court "to recover money owed and compensation for pain and suffering." *Id*. at 5.

Taken together, these meager factual allegations not only fail to state a plausible claim for relief, but also are irrational and incredible. The complaint's patent insubstantiality warrants dismissal for lack of jurisdiction. A separate order will issue.

/s/
AMIT P. MEHTA
United States District Judge

DATE: June 20, 2025